IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Signature Days LLC, | ) | Case No. 08-05389 |
| | ) | |
| Debtor. | ) | Hon. Carol A. Doyle |

**FINAL APPLICATION OF JENNER & BLOCK LLP
FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT
OF EXPENSES AS TRUSTEE FOR SIGNATURE DAYS LLC**

Catherine Steege, not individually, but as Trustee for Signature Days LLC (the "Trustee"), respectfully submits this application for final allowance of compensation to Jenner & Block LLP (the "Firm") in the amount of $39,962.50 plus reimbursement of $3,230.58 for the actual, reasonable and necessary expenses that the Firm incurred. In further support of this Final Fee Application, the Trustee respectfully states as follows:

**BACKGROUND**

1.      On March 6, 2008 (the "Petition Date"), the Debtor filed a voluntary petition in this Court for relief under chapter 11 of title 11 of the United States Code.

**RETENTION OF JENNER & BLOCK LLP**

2.      On October 19, 2010, the Court entered an Order authorizing the Trustee to employ the Firm as attorneys for the Trustee. The Order authorizing the Trustee to compensate the Firm at the Firm's hourly rates charged for services of the type identified in the Firm's Retention Application and to reimburse the Firm for actual and necessary out-of-pocket expenses incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and applicable local rules.

3.      Since October 19, 2010, the Firm has represented the Trustee.

4.      The Firm performed the services for which it seeks compensation on behalf of the Trustee and not on behalf of any other person.

5.      Under Rule 2016(b), the Firm has not shared, nor agreed to share, (a) any compensation it has received or may receive in these cases with another person or party other than with the Firm's partners, of counsel, associates, and other employees, or (b) any compensation another person or party has received or may receive in these cases.

## REASONABLE AND NECESSARY SERVICES RENDERED BY JENNER & BLOCK - GENERALLY

6.      A schedule showing the name and position of each professional and paraprofessional, the hours worked during the time period since October 19, 2010, and hourly billing rate is provided at the front of this Fee Application.

7.      The Firm's fees and costs were incurred as counsel to the Trustee. The Firm's fees were derived from the applicable hourly billing rates of the Firm's personnel who rendered such services. Attached hereto as Exhibit A is a detailed itemization and description of the services that the Firm rendered since September 30, 2007. Based on the rates and the services performed, the reasonable value of such services is $39,962.50. The Firm's attorneys and paraprofessionals expended a total of 117.0 hours working on these cases since September 30, 2007. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

8.      In addition, Exhibit A hereto (a) identifies the individuals that rendered services in each matter, (b) describes each activity or service that each individual performed, and

(c) states the number of hours (in increments of one-tenth of an hour) spent by each individual on each particular task.

**REASONABLE AND NECESSARY SERVICES RENDERED BY**
**JENNER & BLOCK - CATEGORIZED BY MATTER**

9. The primary professional services that the Firm rendered are described below:

10. Matter:  Case Administration
    (Fees incurred:  $195.00; Hours:  0.50)

The Firm prepared and filed the motion to retain counsel.

11. Matter:  Claims Objections
    (Fees incurred:  $39,767.50; Hours:  116.50)

Jenner & Block reviewed all of the claims filed against the estate (816 claims) and filed objections to the claims that were either not owed or overstated.  Jenner & Block negotiated resolutions of these objections with creditors.  It also researched the appropriate priority for such claims.  Jenner & Block reviewed documents provided by creditors in support of their claims and attended two hearings on account of the objections.

12. Because of the benefits realized by the estate, the nature of this case, the standing at the bar of the attorneys who rendered services, the amount of work done, the time consumed, and the skill required, the Firm requests that it be allowed compensation for professional services it performed in the sum of $39,962.50

**ACTUAL AND NECESSARY EXPENSES**

13. The Firm has disbursed, and requests reimbursement of, the following sums for

3

**DISBURSEMENT SUMMARY**

| | |
|---|---:|
| PHOTOCOPY EXPENSE | 1,896.03 |
| POSTAGE EXPENSE | 958.77 |
| WESTLAW RESEARCH | 346.58 |
| PACER CHARGES | 29.20 |
| DISBURSEMENT TOTAL | $3,230.58 |

14. It is the Firm's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is the Firm's policy to charge its client only the amount actually incurred by the Firm in connection with such items. Examples of such expenses are postage, overnight mail, courier delivery, transportation, airfare, meals, and lodging. With respect to airfare expenses, all travel, by all individuals, is billed at the coach class rate.

15. The Firm does not charge a per page charge for outgoing facsimile transmissions. It does bill for the actual cost of the long distance call if the telecopy is sent to a long distance location. The Firm also does not charge for incoming facsimile transmissions.

16. Computer assisted legal research is used whenever the researcher determines that using Westlaw or Lexis Nexis is more cost effective than using traditional (non-computer assisted legal research) techniques.

17. The Firm's standard charge for photocopies is $.10 per page. The number of photocopies is recorded automatically when the person making the copies enters the appropriate account number into devices attached to the Firm's copy machines.

18. The invoice attached as Exhibit B provides further information and detail regarding the Firm's expenses. All such disbursements comprise the requested sum for the Firm's out-of-pocket expenses, totaling $3,230.58.

**CONCLUSION**

19. This Fee Application is the Firm's Final Fee Application and covers the period from the Firm's retention through the date it is filed.

WHEREFORE, the Firm respectfully requests that the Court (a) grant the Firm an allowance of compensation for reasonable and necessary professional services rendered as counsel to the Trustee in the sum of $39,962.50; (b) permit reimbursement of the Firm's actual and necessary expenses incurred since the interim fee order in the sum of $3,230.58; and (c) order that such fees and expenses be payable as administrative expenses of the Debtor's bankruptcy estate.

           Respectfully submitted,

           CATHERINE STEEGE, not individually but as Chapter 7 Trustee for the bankruptcy estate of Signature Days LLC

           BY:    */s/ Catherine Steege*
                     One of Her Attorneys

Catherine Steege (06183529)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, Illinois 60654-3456
PH:   312/923-2952
FAX:  312/840-7352

Dated: October 7, 2011

5